-PS-O-

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK



_____

JOHN WILLIAM NUSSBAUMER, 11B1053,

        Plaintiff,

        -v-

JOHN G. NESBITT, SENECA COUNTY,
SENECA COUNTY SHERIFFS DEPT.,
JACK STENBERG (SHERIFF),
BARRY PORSCH, D.A. and
DOE OFFICER = SGT. THOMPSON,

        Defendants.

DECISION AND ORDER
11-CV-6331Fe

_____

## INTRODUCTION

Plaintiff, John W. Nussbaumer, an inmate of the Groveland Correctional Facility, filed a *pro se* action seeking relief under 42 U.S.C. § 1983. Plaintiff was directed to amend the complaint (Docket # 3). The Court has reviewed the amended complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(a).

Plaintiff claims that his constitutional rights were violated when his house was searched and he was subject to excessive force, falsely arrested and maliciously prosecuted. Further, plaintiff was assaulted by an inmate while in the custody of Seneca County, suffered serious injuries, deliberate indifference, and was denied adequate medical care. Plaintiff's revised caption includes some of the defendants he refers to in the body of the Complaint, but not all. Some of plaintiff's claims must be dismissed as premature, some must be stayed pending resolution of the criminal matter, and some may go forward.

## **DISCUSSION**

The Court interprets plaintiff to name as defendants, in the Caption or in the body of the complaint, Seneca County Sheriff Deputy John G. Nesbitt and Sergeant Thompson, Seneca County, the Seneca County Sheriffs Department, Sheriff Jack Stenberg and medical staff from the Seneca County Law Enforcement Center, and the Seneca County District Attorney Barry L. Porsch, and his retained and appointed attorneys Michael Conroy and John Nabinger. Pursuant to it's review, the Court finds the following.

**Claims under Heck v. Humphrey and Wallace v. Kato**

Plaintiff's complaint makes clear that he was convicted of the charges for which he was arrested, and that products of the allegedly unlawful search and seizure were used against him in that prosecution. He indicates that he has attempted, but not yet succeeded, in appealing his conviction, making clear that the resulting convictions have not been invalidated at this time, yet may still be appealed. Plaintiff's claims related to his conviction, due process and equal protection, malicious prosecution, "inappropriate counsel", and access to the courts are dismissed as premature pursuant to *Wallace v. Kato,* 549 U.S. 384 (2007) and *Heck v. Humphrey,* because the challenged actions would impugn an extant conviction.[1]

---

[1] The Supreme Court has held that a claim arising from an outstanding criminal conviction does not constitute a cognizable cause of action under § 1983.

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

*Heck v. Humphrey,* 512 U.S. 477, 487 (1994).

**False arrest and illegal search and seizure**

In *Wallace v. Kato*, the United States Supreme Court discussed the accrual and statute of limitations issues surround a false arrest/false imprisonment claim. The Supreme Court found that a litigant may file a false arrest claim on the first day of confinement and that the claim accrues on the date on which plaintiff was arraigned on the charges, or "when legal process was initiated against him,..." *Wallace v. Kato*, 549 U.S. 384 (2007). Following *Wallace*, several Courts have applied that same analysis to Fourth Amendment claims based on events occurring "between an unlawful arrest and the institution of legal process...." *Mondragon v. Thompson*, 519 F.3d 1078, 1083 (10th Cir. 2008). *And see Dominguez v. Hendley*, --- F.3d ----, 2008 WL 4395651, *2 (7th Cir. 2008) ("Fourth Amendment claims for false arrest or unlawful searches accrue at the time of (or termination of) the violation"); *Johnson v. Dossey*, 515 F.3d 778, 781 - 82 (7th Cir. 2008) (distinguishing between claims that accrue when a litigant first appears before a magistrate, controlled by *Wallace*, and claims that arise during the legal process (controlled by *Heck*)); *Mallard v. Potenza*, Not Reported in F.Supp.2d, 2007 WL 4198246 (E.D.N.Y. 2007) (seeing no reason to distinguish between false arrest and search and seizure claims; "*Wallace* applies with equal force to a claim for an illegal search and seizure").

To the extent that (i) Plaintiff sets forth potentially viable claims which accrue prior to a favorable termination ruling and (ii) Plaintiff's underlying conviction is not final, to preserve such claims from expiring, the Court may exercise its discretion to grant a stay until a favorable termination has either been obtained or is no longer available. *See Wallace v. Kato*, 549 U.S. 384, 393-94 (2007)(citations omitted)("If a plaintiff files a false-arrest claim before [*10] he has been convicted ..., it is within the power of the district court

... to stay the civil action until the criminal case ... is ended. ... If the plaintiff is ultimately convicted, and if the stayed civil suit would impugn that conviction, Heck will require dismissal; otherwise, the civil action will proceed, absent some other bar to suit."); *Jackim v. City of Brooklyn*, No. 05-1678, 2010 WL 4923492, at *3 (N.D.Ohio Nov. 29, 2010)(allowed stay of Heck-barred claim until plaintiff exhausted appeals in criminal case); *Crooker v. Burns*, No. 06-30187 et al., 2010 WL 3781877, at *1 (D.Mass. Sept. 21, 2010)(stayed Heck-barred claims until completion of criminal case, including any appeal thereof); *Smart v. Township of Gloucester*, No. 06-138, 2007 WL 1186043, at *2 (D.N.J. Apr. 20, 2007)(recognizing that a stay necessitated under Heck/Kato may extend for years while post-conviction relief of the criminal conviction at issue is sought). *See also*, Gibson v. Superintendent of N.J. Dep't of Law and Public Safety-Div. of State Police, 411 F.3d 427, 451 (3d Cir.2005) (where claim would impugn the only evidence supporting conviction, Heck applies and claim must be deferred until the conviction is overturned). Though it is possible that upon final determination of plaintiff's appeal the Courts may find the allegedly improper seizures were not inextricable from plaintiff's criminal conviction, and thus escape the Heck bar, conservation of judicial resources makes it prudent that a single determination as to the applicability of Heck be made at the conclusion of all criminal proceedings. Thus, the Court will stay plaintiff's false arrest and search and seizure claims pending final resolution of his criminal proceedings, or success in overturning his conviction.

**Excessive force**

Plaintiff's excessive force claim against defendant Nesbitt in his individual capacity may go forward at this time.

**Municipal Liability and Medical Care**

As to the denial of medical care claim: the Court will not dismiss Seneca County on the basis that plaintiff may be able to state a claim for municipal liability on allegations that he was left in his cell with multiple fractures to his scull, not able to stand, and was not seen by a doctor for seven weeks. The Seneca County Sheriff Department is merely a division of the municipality, Seneca County, and is, therefore, dismissed.

Plaintiff alleges that he was denied medical care by "medical staff from the Seneca County Law Enforcement Center." Plaintiff does not set out facts from which the Court could request that the Seneca County Attorney determine the identities of the staff pursuant to *Valentin v. Dinkins*, 121 F.3d 72 (2d. Cir. 1997)(per curiam). Plaintiff will, therefore, need to conduct discovery and amend his complaint to name specific medical staff prior to the expiration of the statute of limitations.

Plaintiff has not alleged that he has filed a notice of claim, and the Court will not address whether he has a viable pendent State negligence claim. *See*, N.Y. Gen. Mun. Law § 50-i(1)(b) (requiring that the plaintiff pleads in his complaint or moving papers that at least thirty days have lapsed since the service of a notice of claim).

## CONCLUSION

Plaintiff's claims related to his conviction, due process and equal protection, malicious prosecution, "inappropriate counsel", and access to the courts, are dismissed as premature. Plaintiff's claims of false arrest and violation of his fourth amendment rights are stayed pending final resolution of his criminal conviction. The excessive force, denial of medical care and deliberate indifference claims may go forward and be served.

## ORDER

IT HEREBY IS ORDERED, that plaintiff's claims related to his conviction, due process and equal protection, malicious prosecution, "inappropriate counsel", and access to the courts are dismissed as premature;

FURTHER, that the Clerk of the Court is directed to correct the docket to reflect that the defendants are as follows: Seneca County Sheriff Deputy John G. Nesbitt and Sergeant Thompson, Seneca County, the Seneca County Sheriffs Department, Sheriff Jack Stenberg, medical staff from the Seneca County Law Enforcement Center, Seneca County District Attorney Barry L. Porsch and attorneys Michael Conroy and John Nabinger;

FURTHER, that the Clerk of the Court is directed to terminate defendants Seneca County Sheriffs Department and the Seneca County District Attorney Barry L. Porsch, and attorneys Michael Conroy and John Nabinger as defendants to this action;

FURTHER, that plaintiff's claims of false arrest and violation of his fourth amendment rights are stayed pending final resolution of his criminal conviction;

FURTHER, that plaintiff's claims of excessive force, denial of medical care and deliberate indifference may go forward and be served upon Seneca County Sheriff Deputy John G. Nesbitt and Sergeant Thompson, Seneca County and Sheriff Jack Sternberg;

FURTHER, that defendants are directed to answer the complaint.

SO ORDERED.

Dated: OCT. 6, 2011
Rochester, New York

_____
CHARLES J. SIRAGUSA
United States District Judge